# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1143V
**Filed: November 21, 2016**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MARIELA ROTHERMEL, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Tetanus, Diphtheria ("Td") Vaccination |
| v. | * | Shoulder Injury Related to Vaccine |
| | * | Administration ("SIRVA"); |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Amber Wilson, Maglio, Christopher & Toale, PA, Washington, DC, for petitioner.*
*Lara Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On September 14, 2016, Mariela Rothermel ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") causally connected to the tetanus, diphtheria ("Td") vaccine she received on August 19, 2015. Petition at ¶¶ 2, 14. Petitioner further alleges that she received the vaccine in the United States, has suffered the residual effects of her injury for more than six months, and neither she nor any other party has brought an action for her vaccine related injuries. *Id.* at ¶¶ 2, 15, 17-18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 21, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "agrees that petitioner's SIRVA was caused-in-fact by the Td vaccination she received on August 19, 2015 [and] [n]o other causes for petitioner's SIRVA were identified." *Id.* at 3 (citation omitted). Furthermore, respondent believes that "petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master